**Ben J. LOOKOFSKY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**No. 98–SC–887–KB.**

Supreme Court of Kentucky.

Dec. 17, 1998.

As Amended on Grant of Reconsideration
Jan. 14, 1999.

Peter L. Ostermiller, Louisville, for Movant.

Jay R. Garrett, Jane H. Herrick, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

Movant, Ben J. Lookofsky, desires to terminate Kentucky Bar Association ("KBA") proceedings against him by consenting to a suspension from the practice of law for a period of thirty (30) days. The KBA does not object to Lookofsky's motion for suspension.

The charges against movant arose from events surrounding a personal injury action movant filed on behalf of the Yarbers in Fulton Circuit Court. Mr. Yarber is an over-the-road truck driver who was involved in a slip-and-fall injury after slipping on some diesel fuel at a gasoline station on June 13, 1994. Mr. Yarber first went to see a doctor for the injury on June 22, 1994. On March 1, 1995, Mr. Yarber retained movant to represent him. On June 19, 1995, the lawsuit was filed.

■ The complaint incorrectly stated that the accident occurred on June 26, 1994. Apparently there had been a lack of communication between movant and the Yarbers regarding the actual date of the accident, a circumstance for which the Yarbers may have been partly responsible. Therefore, movant requests that the count alleging that he failed to diligently investigate the date of the accident be dismissed. We accept movant's account of events and grant his motion to dismiss the charge against him alleging a violation of Rule 1.3.

■ After discovery proceedings, movant attempted to settle the Yarber case with the defendant's attorney. Movant and Mr. Yarber agreed to offer to settle the case for $10,000 plus medical expenses, and on November 10, 1995, movant sent a letter to the defendant's attorney offering these settlement terms. Movant never received a response. On December 20, 1995, movant sent a follow-up letter to the defendant's attorney, in which he requested a response to the settlement offer. A copy of this letter was sent to Mr. Yarber. The defendant never accepted any settlement offer.

On January 10, 1996, the defendant's attorney sent a letter to movant, stating the he was going to assert a statute of limitations defense as the accident occurred on June 13, 1994, yet the complaint was not filed until June 19, 1995. Movant claims that the cause of the late filing was that he thought that Mr. Yarber had gone to the doctor at the time of

the accident, not nine days later. On January 12, 1996, movant sent a letter to his professional liability carrier regarding the late filing problem. Movant also sent a letter to Mr. Yarber stating that there was no settlement and that the motion to set a trial date had been passed for two weeks to allow the defendant to file an amended response. The letter to Mr. Yarber also requested medical information. Movant hoped that additional information might form the basis of an argument that the lawsuit had been filed within a year of the date that Mr. Yarber recognized that he had been injured as a result of the fall.

On January 26, 1996, movant sent another letter to his malpractice carrier, suggesting that an offer be made to Mr. Yarber to settle the case for $1,000. On March 21, 1996, movant sent a letter to Mr. Yarber stating that he believed that the case could be settled for $1,500, an amount that would net Mr. Yarber the sum of $1,000. Movant acknowledges in this proceeding that this statement was false as no settlement offer had been made by the defendant. On April 10, 1996, Mr. Yarber accepted the $1,000, and movant sent a check in this amount written to Mr. Yarber. Movant misrepresented to the Yarbers the facts regarding their personal injury claim, and this conduct was in violation of Rule 8.3.

Movant was also charged with a violation of Rule 1.4(b), and this charge will be dismissed by consent of the movant and the KBA.

Upon the foregoing facts and charges, it is ordered that Lookofsky's motion for a 30-day suspension from the practice of law in the Commonwealth of Kentucky be granted. It is further ordered that:

1. The movant, Ben J. Lookofsky, is hereby suspended from the practice of law in Kentucky for a period of thirty (30) days. The period of suspension shall commence on the date of entry of this Order and continue until such time as he is reinstated to the practice of law as provided for in SCR 3.510(2), as amended October 1, 1998.

2. In accordance with SCR 3.450 and SCR 3.480(3), movant is directed to pay the costs of this action in the amount of $70.65.

All concur.

ENTERED: December 17, 1998.

/s/ Joseph E. Lambert
Chief Justice