**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Sharon Easthom ROWSEY,**
**Respondent.**

**No. 2011–SC–000034–KB.**

Supreme Court of Kentucky.

March 24, 2011.

*OPINION AND ORDER*

Sharon Easthom Rowsey, KBA Member No. 82763, was admitted to the practice of

law on November 3, 1988, and maintains a bar roster address of P.O. Box 807, Ashland, KY 41105–0807. Now before this Court is KBA File 15543 which alleges that Rowsey violated SCR 3.130–3.3(a)(1), SCR 3.130–3.3(a)(2), SCR 3.130–3.3(a)(3), and SCR 3.130–8.4(c) by committing perjury during a United States Bankruptcy Court proceeding. The Trial Commissioner's report adopted the Bar Counsel's recommended punishment for Rowsey consisting of a suspension from the practice of law for one hundred eighty-one (181) days with sixty-one (61) days to serve and the balance being probated pending Rowsey's successful completion of the Ethics and Professionalism Enhancement Program scheduled for Spring 2011. Since neither Rowsey nor the KBA filed a notice of appeal pursuant to SCR 3.360(4) we now enter a final order pursuant to SCR 3.370(10) adopting the Trial Commissioner's recommendation.

The charges in KBA File 15543 stem from testimony Rowsey gave before the United States Bankruptcy Court for the Eastern District of Kentucky. In a decision issued July 12, 2007, and offered into evidence in this proceeding, the Bankruptcy Court found that Rowsey knowingly gave incomplete, misleading, and false testimony on at least two occasions. In particular the Bankruptcy Court found that her testimony was not "... full, complete, [or] truthful ...." and was actually "... incomplete, misleading, and false...." Rowsey acknowledges that due to collateral estoppel she is barred from challenging the conclusions and ruling of the Bankruptcy Court. Thus, she has effectively stipulated that she is guilty of violating SCR 3.130–3.3(a)(1) ("A lawyer shall not knowingly ... [m]ake a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"), SCR 3.130–3.3(a)(2) ("A lawyer shall not knowingly ... [f]ail to disclose to the tribunal published legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"), SCR 3.130–3.3(a)(3) ("A lawyer shall not knowingly ... [o]ffer evidence that the lawyer knows to be false. If a lawyer ... has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal."), and SCR 3.130–8.4(c) ("It is professional misconduct for a lawyer to ... [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").

At Rowsey's evidentiary hearing before Bar Counsel testimony was presented that Rowsey suffered from physical illness, stress from financial issues, and stress from having her first child enter college. There was also evidence presented that Rowsey had an excellent reputation for truth and veracity and was held in high esteem by her local legal community. Based on this mitigating evidence Bar Counsel recommended she be sanctioned by a suspension from the practice of law for a period of one hundred eighty-one (181) days with sixty-one (61) days to serve and the balance probated pending Rowsey's successful completion of the Ethics and Professionalism Enhancement Program in Spring 2011. The Trial Commissioner adopted the Bar Counsel recommendation. Since neither Rowsey or the KBA appealed the Trial Commissioner's determination to this Court, we adopt the recommendation pursuant to SCR 3.370(10).

Thus it is ORDERED that:

1) Respondent, Sharon Easthom Rowsey, KBA Number 82763, PO Box 807, Ashland, KY 41105–0807, is adjudged

guilty of violating SCR 3.130–3.3(a)(1), SCR 3.130–3.3(a)(2), SCR 3.130–3.3(a)(3), and SCR 3.130–8.4(c) as charged in KBA File 15543;

2) Respondent is suspended from the practice of law in Kentucky for one hundred eighty-one (181) days with sixty-one (61) days to serve and the balance being probated pending her successful completion of the Ethics and Professionalism Enhancement Program scheduled for Spring 2011;

3) Under SCR 3.390, Respondent must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which she is engaged; and (b) notify all clients, in writing, of her inability to represent them; notify all courts in which she has matters pending of her disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association;

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $851.52, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., CUNNINGHAM, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. ABRAMSON, J., not sitting.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
/s/ Chief Justice