**Supreme Court of Kentucky**
TO BE PUBLISHED
FINAL
DATE 3-29-16 EsslGround,D.c.
2016-SC-000084-KB

JUSTIN NEAL O'MALLEY                                                    MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                        RESPONDENT

## OPINION AND ORDER

Justin Neal O'Malley, Kentucky Bar Association (KBA) Number 94125, was admitted to the practice of law in the Commonwealth of Kentucky on May 2, 2011, and his bar roster address is listed as 1011 Hanly Lane, Frankfort, KY 40601. He moves this Court to impose the sanction of a thirty-day suspension, subject to the condition that he complete the Ethics and Professional Enhancement Program (EPEP) within one year of this Court's order suspending him for his violations of SCR 3.130-1.3, -1.4(a)(3), -3.2 and -8.4(c). The Kentucky Bar Association has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

In April 2013, Jennifer Dennis retained O'Malley to represent her in a civil action regarding a car she had purchased. Dennis did not hear anything regarding the status of her claim for several months, at which point she texted O'Malley for an update. O'Malley told Dennis he was working toward a

settlement and awaiting an order from the judge in the case. Dennis's car was repossessed in August of that year.

In February 2014, ten months after retaining O'Malley in her case, Dennis contacted the circuit clerk who informed her that a petition had never been filed on her behalf. When Dennis contacted O'Malley, he told her he had personally delivered the petition to the judge and assumed it had been filed. O'Malley actually filed the petition almost a year after Dennis retained him. He continued to tell Dennis that her case was progressing, indicating at one point that the judge's secretary had informed him a trial order had gone out. However, when Dennis contacted the clerk, she was told her case may be closed as there had been no activity since the petition was filed.

In May 2014, O'Malley wrote Dennis a letter promising to pay her $10,000 to cover the value of her claim ($9,000) and compensate her for the amount of time she had awaited payment. O'Malley did not make this payment, but sent Dennis a second letter in August 2014, promising to pay her an additional $1,000 to account for the further lapse of time. O'Malley did not pay Dennis and she filed a bar complaint against him and hired new counsel.

Based on Dennis' bar complaint for the above-described actions, the KBA's Inquiry Commission issued a four-count charge against O'Malley. The first count charged O'Malley with violating SCR 3.130-1.3 for failing to act with reasonable diligence and promptness in his representation of Dennis. The second count charged O'Malley with violating SCR 3.130-1.4(a)(3) for failing to keep Dennis reasonably informed about the status of her case. Count three

2

charged O'Malley with violating SCR 3.130-3.2 for failing to expedite Dennis's litigation consistent with her best interests. Finally, the fourth count charged O'Malley with violating SCR 3.130-8.4(c) for being dishonest with Dennis by misrepresenting the actual status of her case. O'Malley admits that he committed all four of these violations.

In light of his admissions, O'Malley and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would impose a thirty-day suspension on the condition that he attend and successfully complete EPEP within one year of the entry of this Court's order in his case. After a perusal of our prior sanctions in comparable cases, and considering the mitigating factors O'Malley presents, we hold that this is an appropriate sanction. *See Kentucky Bar Association v. Jarrett*, 997 S.W.2d 456 (Ky. 1999) (lawyer received thirty-day suspension after representing to his client that a settlement had been reached, when, in fact, the case had been dismissed—he also offered to pay his client from personal funds); *Lookofsky v. Kentucky Bar Association*, 982 S.W.2d 670 (Ky. 1999) (lawyer received thirty-day suspension for lying to his client about a settlement offer); *Kentucky Bar Association v. O'Bryan*, 780 S.W.2d 353 (Ky. 1989) (lawyer received thirty-day suspension for failing to keep client informed and for lying to her regarding the status of her case—telling her it was proceeding to trial when, in fact, it had been dismissed). In mitigation, this is O'Malley's first bar discipline. He points out that at the time of the underlying litigation, his father had been diagnosed with a terminal illness and his step-daughter had been diagnosed with a severe mental illness. He was also

3

encountering financial difficulties after the water pipes in his home burst and had been implicated criminally in a case in which his former client had committed bankruptcy fraud (for which he was later found not guilty).

Agreeing that the negotiated sanction proposed in O'Malley's motion is appropriate, it is ORDERED that:

1. Movant, Justin Neal O'Malley, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is suspended for thirty days from the practice of law for those violations;

2. O'Malley shall complete the EPEP program at his expense, separate and apart from his fulfillment of any other continuing education requirement; he will not apply for CLE credit of any kind for this program and will furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after he completes EPEP, in order to allow the OBC to verify that he has not reported any such hours to the CLE Commission; and

3. In accordance with SCR 3.450, O'Malley is directed to pay all costs associated with these disciplinary proceedings against him, said sum

being $198.91, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 17, 2016.

_____
CHIEF JUSTICE