TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000483-KB

FINAL

DATE 11/1/16 Kim Redmon, DC

JUSTIN NEAL O'MALLEY                                      MOVANT
KBA MEMBER NO. 94125


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER


Pursuant to SCR 3.480(2), Movant, Justin Neal O'Malley, moves this Court to impose a 181-day suspension from the practice of law for his admitted violations of the Rules of Professional Conduct. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline.

Finding this agreed upon disciplinary sanction to be appropriate under the facts of this case, we grant Movant's motion. Movant's KBA member number is 94125 and his bar roster address is 1011 Hanly Lane, Frankfort, Kentucky 40601. Movant was admitted to the practice of law in the Commonwealth of Kentucky on May 2, 2011.

### KBA FILE 23785

On November 7, 2014, Movant represented to a U.S. Bankruptcy Judge that he would repay fees to two clients after he failed to appear for their

hearings. Movant later claimed that he refunded the fees but failed to comply with the bankruptcy court's order to file an affidavit regarding payment prior to a hearing on December 4, 2015. The court sanctioned Movant as a result and he was subsequently prohibited from filing any bankruptcy cases for 180 days after making additional misrepresentations to the court and the bankruptcy trustee concerning the repayment of the fees.

It was eventually revealed that Movant did not have sufficient personal funds to repay his clients. Movant admitted during a deposition that his checking account was already overdrawn when he wrote the checks to his clients when the trustee found a discrepancy in his statements after reviewing his bank records. Movant also admitted that he lacked sufficient knowledge in the practice of bankruptcy law and agreed not to file any bankruptcy cases for five years.

As a result, Movant was subsequently charged with violating Supreme Court Rule ("SCR") 3.130(1.1) (competency); and SCR 3.130(1.16)(d) (duties upon termination of representation); SCR 3.130(3.3)(a)(1) (making a false statement of fact to a tribunal); SCR 3.130(3.4)(c) (disobeying an obligation to a tribunal); SCR 3.130(8.4)(c) (dishonesty). On March 17, 2016, Movant was suspended from the practice of law for thirty (30) days and has not been reinstated.

Movant now moves this Court to impose a 181-day suspension from the practice of law for his admitted violations of the Rules of Professional Conduct.

The KBA has no objection to the proposed discipline, which

2

was negotiated pursuant to SCR 3.480(2). The KBA specifically cites that Movant possesses extensive mitigating evidence such as physical and mental impairments. The KBA further notes that Movant has sought counseling for alcohol abuse and mental health issues, and is currently cooperating with the Kentucky Lawyer's Assistance Program (KYLAP). Upon review of the facts in this case and relevant case law, we find the proposed discipline is appropriate. *See, e.g., KBA v. Rowsey*, 334 S.W.3d 105 (Ky. 2011).

Accordingly, it is hereby ORDERED that:

1. Movant, Justin Neal O'Malley, KBA Member No. 94125, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct;

2. Movant is suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days effective from the entry of this Opinion and Order;

3. Pursuant to SCR 3.390, and to the extent that he has not done so as a result of his prior suspension, Movant shall notify in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify in writing all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten days of the date of this Opinion and Order. Movant shall simultaneously provide a copy of all such letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Movant

3

shall immediately cancel and cease any advertising activities in which he is engaged;

4. Movant shall cooperate with the conditions of his treatment plan with KYLAP; and

5. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 20, 2016.

CHIEF JUSTICE