TO BE PUBLISHED

# Supreme Court of Kentucky

## FINAL

2017-SC-000556-KB

DATE 12/28/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

ALAN RICHARD STEWART                                    RESPONDENT

## OPINION AND ORDER

Alan Richard Stewart was admitted to practice law in the Commonwealth of Kentucky on May 21, 1993. His bar roster address is 46 Brentwood Lane, Appleton, WI 54915, and his KBA Member Number is 84734. On July 26, 2017, the Supreme Court of Minnesota indefinitely suspended Stewart from the practice of law, with no right to petition for reinstatement for a minimum of five years. On October 12, 2017, the Kentucky Bar Association (KBA) filed a petition asking this Court to order Stewart to show cause why we should not impose reciprocal discipline and, in the event we found cause lacking, to impose that discipline pursuant to Supreme Court Rule (SCR) 3.435. On October 17, 2017, we issued a show cause order that Stewart should, within twenty days of the date of the order, show cause as to why he should not be suspended from the practice of law for five years, as consistent with the order

of the Supreme Court of Minnesota. Stewart has failed to file any response. This matter is now ready for decision by the Court.

## I. BACKGROUND.

### A. Procedural History and Charges.

In February of 2015, Stewart was suspended from the state bars of Wisconsin, Minnesota, and Kentucky on charges unrelated to this petition. On December 16, 2015, the U.S. Patent and Trademark Office (USPTO) entered a default judgment against Stewart, excluding him from practice, based on facts which we will discuss. USPTO notified the Director of the Office of Lawyers Professional Responsibility (Director) in Minnesota of the judgment. The Director then petitioned the Supreme Court of Minnesota for reciprocal discipline. Stewart did not respond to the notice or petition and the Supreme Court of Minnesota deemed the allegations as admitted. Although the Director requested that Stewart be disbarred, the Supreme Court of Minnesota ordered that Stewart be indefinitely suspended from the practice of law with no right to petition for reinstatement for five years.

The facts, as determined by the Supreme Court of Minnesota and USPTO, are as follows:

> Stewart neglected the patent application of his client, F.W.; failed to communicate with her; and misappropriated $8,000 in unearned fees. Stewart told F.W. that he would file her patent application within 2 or 3 weeks of receiving her paperwork. F.W. provided Stewart her notes and drawings and then checked on the status of her application 3 weeks later. Stewart told F.W. that he had not yet worked on her application, attributing the delay to family medical issues and injuries he had suffered from a bicycle accident. He never completed the patent application and stopped

2

responding to F.W.'s communications. Nonetheless, Stewart cashed F.W.'s two advance-fee checks totaling $8,000 and failed to return these unearned fees even after F.W. terminated the representation and demanded a refund. Stewart cashed F.W.'s second check on the same day that F.W. terminated the representation.

...

Stewart has been ineligible to handle USPTO matters since February 2015, when he was no longer an active member of any state bar. But between March 2015 and June 2015, Stewart filed multiple trademark matters on behalf of clients as 'attorney of record' and as a purported member of the Wisconsin bar.

...

Between November 2014 and July 2015, the USPTO sent Stewart multiple requests for information via certified mail. Stewart personally signed for several of them, but never responded. Further, Stewart failed to respond to the USPTO's formal complaint, notice of hearing and order, and default-judgment notice, all of which were signed for at Stewart's address.

[Based on these findings, o]n December 16, 2015, the USPTO entered a default judgment excluding Stewart from practice, concluding that Stewart intentionally violated multiple federal regulations governing practice before the USPTO; caused harm to F.W.; and failed to acknowledge, defend, or rectify his misconduct.

## II. ANALYSIS.

When the Court is presented with an attorney facing disciplinary action in another jurisdiction, this Court must only decide whether identical reciprocal discipline or a lesser sanction is warranted here in the Commonwealth. This Court shall "impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this state." SCR 3.435(4). Without such "substantial evidence," "a final adjudication in another

jurisdiction that an attorney has been guilty of misconduct shall establish *conclusively* the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c) (emphasis added).

In the case before us, Stewart has failed to provide any response or evidence contradicting the jurisdiction in the corollary proceedings or any misconduct mitigating what our Court should impose upon him. As such, we shall follow the rules of this Court and impose identical discipline.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Alan Richard Stewart, is subject to reciprocal discipline for the misconduct found by the Minnesota Supreme Court. Respondent's misconduct is established conclusively for purposes of disciplinary proceedings in this State.

2. Respondent is suspended from the practice of law in Kentucky for a period of five years. The period of suspension shall commence on the date of entry of this Opinion and Order.

3. Respondent must apply for reinstatement by order of this Court after his period of suspension, according to the terms and requirements of SCR 3.510.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, if there are any, for which execution may issue from this Court upon finality of this Opinion and Order.

4

5. Should Respondent currently have any clients, pursuant to SCR 3.390, he shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Office of Bar Counsel. To the extent possible, Stewart shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: December 14, 2017.

_____
CHIEF JUSTICE

5