TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2018-SC-000664-KB DATE _Carol Colm___8 29 19_

KENTUCKY BAR ASSOCIATION                    MOVANT


V.                    IN SUPREME COURT


JUSTIN NEAL O'MALLEY                    RESPONDENT


## OPINION AND ORDER

Justin Neal O'Malley was admitted to the practice of law in the Commonwealth on May 2, 2011. His Kentucky Bar Association ("KBA") Number is 94125, and his bar roster address is 1011 Hanly Lane, Frankfort, KY 40601. On October 10, 2018, the United States Bankruptcy Court for the Eastern District of Kentucky permanently disbarred O'Malley from the practice of law in that court. The KBA filed a petition for reciprocal discipline pursuant to SCR[1] 3.435. For the following reasons, we impose such identical reciprocal discipline as required by SCR 3.435(4).

In May 2012, Tracy and Myra Blackwelder hired O'Malley to represent them in a Chapter 13 bankruptcy reorganization filing. The Blackwelders paid O'Malley a retainer and he represented them in three separate attempts to

---

[1] Kentucky Rules of the Supreme Court.

modify their home loan between 2013 and 2016. In March 2016, O'Malley was suspended by this Court for 30 days for violations of SCR 3.130(1.3), 3.130(1.4)(a)(3), 3.130(3.2), and 3.130(8.40(c), with respect to neglect and misrepresentation about the status of a client's case. *O'Malley v. Kentucky Bar Ass'n*, 482 S.W.3d 782 (Ky. 2016). He was not reinstated after the 30 days due to another pending disciplinary case and unpaid costs. He also never informed the Blackwelders of his suspension.

In June 2016, O'Malley told the Blackwelders that, in order to move their refinancing forward, they needed to make a $6,402.33 "good faith" payment on their mortgage. The Blackwelders sent this money to O'Malley's bank account in two separate payments and he promptly used it for both personal and business expenses. In October 2016, O'Malley was suspended for 181 days by this Court for his actions in another bankruptcy case concluding in violations of SCR 3.130(1.1) (competency), 3.130(1.16)(d) (duties upon termination of representation), 3.130(3.3)(a)(1) (making a false statement of fact to a tribunal), 3.130(3.4)(c) (disobeying an obligation to a tribunal), and 3.130(8.4)(c) (dishonesty). *O'Malley v. Kentucky Bar Ass'n*, 499 S.W.3d 285 (Ky. 2016). Again, O'Malley never informed the Blackwelders that he was suspended.

In October 2017, the Blackwelders were contacted by a real estate agent letting them know that their house was in foreclosure. O'Malley had not been negotiating their loan modification as promised, and the Blackwelders had to accept a "cash for keys" agreement to move to a rental home. In December 2017, the Blackwelders requested their funds from O'Malley. O'Malley made

2

several promises to pay them their funds, but never returned their money. The Blackwelders' bankruptcy case was closed without discharge in late 2017 and, although O'Malley was suspended, he continued to give assurances that he would reopen their bankruptcy case until March 2018 when the Blackwelders contacted Beverly Burden, a Chapter 13 Bankruptcy Trustee to resolve the issues.

Burden discovered that a "Michael Taylor" had entered an appearance for the Blackwelders in their case. Burden contacted Michael Taylor and both he and the Blackwelders assured Burden that Taylor was not the Blackwelders' attorney. O'Malley, who knew Taylor, had forged his name on legal documents pertaining to the Blackwelder case, as O'Malley was suspended from the practice of law. On July 9, 2018, Burden filed a Motion of the U.S. Trustee to Disbar Attorney Justin O'Malley, and for Sanctions, Fees Disgorgement, and Other Relief. Douglas Howard entered an appearance on behalf of O'Malley and a hearing was eventually set for September 20, 2018. Joint Stipulations were entered on September 19 with O'Malley admitting to (1) depositing the Blackwelders' funds into his personal bank account which he used for such expenses as "eating out, daily coffee, salon visits, bookstore purchases, movie rentals, and trips to Best Buy;" (2) failing to return escrow funds; (3) forging the Blackwelders' signatures in court filings; and (4) forging Michael Taylor's name and signature in multiple court filings without his knowledge. To add insult to injury, on the same day, Douglas Howard filed a Motion to Withdraw because "the undersigned received a tendered retainer amount that was returned today

3

[not sufficient funds], due to the account being closed." Judge Gregory R. Schaaf granted Howard's Motion to Withdraw and rescheduled the hearing for October 3, 2018.

O'Malley failed to appear for the October 3 hearing and eventually the parties signed an Agreed Order wherein O'Malley agreed to be permanently prohibited from practice in the United States Bankruptcy Court for the Eastern District of Kentucky and to pay the Blackwelders $10,500 within 30 days.

In his oral findings on the record Judge Schaaf noted that:

> Mr. O'Malley made a couple of statements that implied personal issues had a hand in his actions, but those excuses started four years ago. At some point a lawyer must accept responsibility for his actions, and that time has long passed. . . . The record shows a pattern of neglect and of deceit and dishonesty by Mr. O'Malley in this case, and several other cases in this Court. . . . Further, I believe the sanctions therein are necessary to protect the public and the integrity of this Court.

The KBA filed a reciprocal discipline petition with the Kentucky Supreme Court on December 17, 2018. O'Malley has failed to respond to the petition as directed by SCR 3.435(2)(b). Therefore, because O'Malley failed to show cause why identical reciprocal discipline should not be imposed in this jurisdiction,[2] pursuant to SCR 3.435(4), the Court Orders:

---

[2] This Court, in *Kentucky Bar Ass'n v. Sebastian*, 268 S.W.3d 928 (Ky. 2008), granted reciprocal discipline when an attorney was suspended by the United States District Court for the Eastern District of Kentucky. *See also Kentucky Bar Ass'n v. Stewart*, 533 S.W.3d 683 (Ky. 2017) (this Court imposed reciprocal discipline on an attorney who was suspended five years by the Supreme Court of Minnesota, who in turn had imposed its suspension based on a reciprocal discipline action on an Order from the United States Patent and Trademark Office). Although not defined by SCR 3.435, based on the holding in *Sebastian*, we recognize that federal courts are within the scope of "another jurisdiction" as stated in SCR 3.435(1). *See also* N.J Ct. R. 1:20-14 (reciprocal discipline is proper "in connection with the practice of law in another

4

1. Justin Neal O'Malley is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective from the entry of this Opinion and Order;

2. Pursuant to SCR 3.390, O'Malley shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his permanent disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, O'Malley shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

ENTERED: March 14, 2019

_____
CHIEF JUSTICE

---

jurisdiction, **including any federal court of the United States** or the District of Columbia, a state or federal administrative agency or other tribunal, a court of any state, territory, commonwealth or possession of the United States[]") (emphasis added); *People v. Bode*, 119 P.3d 1098, 1100 (Colo. 2005) ("For reciprocal discipline purposes, a federal agency such as the [United States Patent and Trademark Office] can be considered a 'jurisdiction[].'").